# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-CR-060-APG-GWF |
| Plaintiff, | |
| vs. | |
| OWENS DUNSON, | |
| Defendant. | |

## **O R D E R**

Before the Court is Defendant Owens Dunson's Motion for Review and Appeal of Detention Order (Doc. #28), filed on April 8, 2013. The Government filed an Opposition (Doc. #29) on April 16, 2013. Defendant filed a Reply (Doc. #30) on April 18, 2013.

## I. BACKGROUND

Defendant Owens Dunson was charged in a February 12, 2013 Indictment (Doc. #1) with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. The charges are based on a three-month investigation that culminated in the execution of a search warrant at Dunson's residence. During the search, the following items were recovered: a 9 mm semi-automatic pistol from Dunson's bedroom closet, 26.97 grams of cocaine base from Dunson's jacket, and approximately 18 pounds of marijuana, most of which was recovered from

the trunk of Dunson's car. The marijuana was contained in a duffle bag which had a Spirit Airlines flight 918 claim ticket on it. In the master bedroom detectives recovered Spirit Airlines tickets dated June 18, 2012, for flight 918 for Dunson and co-defendant Nancy Pineda. Detectives also recovered evidence of distribution, including a scale with marijuana residue, scissors, a vacuum sealer, and clear plastic bags.

Dunson self-surrendered. On March 5, 2013, Dunson was arraigned and pleaded not guilty. On March 7, 2013, United States Magistrate Judge Robert A. McQuaid, Jr. conducted a detention hearing under the Bail Reform Act, 18 USC § 3142(f). At the conclusion of that hearing, Magistrate Judge McQuaid found:

> There is a serious risk that the defendant will not appear.
>
> There is a serious risk that the defendant will endanger the safety of another person or the community. The court finds by a clear preponderance of the evidence that the defendant is a risk of nonappearance based upon conflicting information regarding his residence, lack of property ties to this or any other community, conflicting information regarding his employment, lack of stable employment, lack of verified financial resources, lack of information regarding the use or abuse of controlled substances, a prior arrest for failure to appear, and a prior probation violation. The defendant is viewed as a risk of danger to the community based upon the nature of the instant alleged offense, lack of information regarding the use or abuse of controlled substances, and prior arrests and one conviction for crimes of violence and drug related offenses.

*See* Detention Order Pending Trial (Doc. #23) at p. 1. The Magistrate Judge also found that:

> the testimony and information submitted at the detention hearing establishe[d] by a preponderance of the evidence that the defendant is detained as a risk of nonappearance and a danger to the community. There is no condition or combination of conditions that could be fashioned to reasonably assure the

defendant's appearance at future court proceedings and the safety of the community.

*Id.*

Dunson's present Motion seeks review of and appeal from the Magistrate Judge's March 7, 2013 Order of detention pending trial (Doc. #23). Dunson primarily argues that the Magistrate Judge erred by improperly inferring that Dunson was being untruthful with the Pretrial Services Officer, by failing to give due weight to the fact that Dunson had self-surrendered, and by failing to recognize that Dunson has lived in Las Vegas for seven years and has family members who reside in Las Vegas who are willing to serve as third-party custodians. Dunson also argues that sufficient conditions can be imposed on release to assure his appearance. The Government responds that the factors set forth in 18 U.S.C. § 3142(d) weigh in favor of detention, that the Magistrate Judge properly weighed all of those factors in concluding that Dunson should be detained, and that Dunson represents a flight risk and a threat to public safety.

## II. DISCUSSION

### A. Motion to Reopen Detention Hearing

A defendant may move the district court judge to revoke or amend a pretrial detention Order issued by a magistrate judge. 18 U.S.C. § 3145(b). The district judge reviews the magistrate judge's detention Order *de novo*, without deference to the magistrate judge's factual findings. *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990). The district judge reviews the evidence presented to the magistrate judge and makes "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. Id. at 1192-93. The district judge may, but need not, hold an evidentiary hearing to make this determination. Id.

Title 18 U.S.C. § 3142(g) requires the Court to consider four factors in determining whether to detain or release a defendant: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).

### 1. Nature and Circumstances of Offenses Charged

Dunson is charged with four felony offenses, including two counts of Possession with Intent to Distribute a Controlled Substance, Conspiracy to Distribute a Controlled Substance, and Felon in Possession of a Firearm. At the time of his arrest, law enforcement officers recovered a 9 mm semi-automatic pistol from Dunson's closet, 26.97 grams of cocaine base from his jacket, and approximately 18 pounds of marijuana, most of which was recovered from the trunk of Dunson's automobile. Given that Dunson is a felon prohibited from possessing a dangerous weapon and illegal substances, and given that the charges involve narcotic drugs, this factor weighs in favor of detention.

### 2. Weight of Evidence Against Defendant

This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Thus, "[a]lthough the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id*. (citations omitted). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Id*. Accordingly, factor two "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id*. (citing 18 U.S.C. § 3142(g) (remaining citation omitted)). The Government's Opposition (Doc. #29) details the weight of the evidence against Dunson. Dunson offers no new or material information in his Motion (Doc. #28) or Reply (Doc. #30) to counter the Government's showing on this factor or to support weighing this factor in his favor.

### 3. History and Characteristics of Defendant

Under 18 U.S.C. § 3142(g)(3), courts may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *Motamedi*, 767 F.2d at 1407.

Dunson contends that he has family ties to the community which nullify any belief that he is a flight risk. However, he gave conflicting information to the Pretrial Services Officer regarding where he lives and how he earns a living. Some of that information was contradicted by his father. While Dunson labels the conflicting information about his employment "a misunderstanding" (*See* Motion at 3:27-28, ftnt. 2), the Pretrial Services Report reflects too many inconsistencies to gloss over as a misunderstanding. Dunson also claims that he owns and operates a music production company, although the business license for that entity has expired.

Dunson's criminal history also weighs against him. He attempts to downplay this criminal history as remote in time. However, he has been arrested multiple times (usually involving narcotics), he has been convicted of at least one felony for evading a police officer, and has failed to appear for court hearings and had his probation revoked. Combined with the current charges (felon in possession of a gun and narcotics), if true, his history evidences a disregard for the legal system, and calls into question his ability and willingness to abide by conditions of release. Thus, factor three weighs against his release.

### 4. Nature and Seriousness of Danger to any Person or the Community that would be Posed by Defendant's Release

At the March 7, 2013 detention hearing, the Magistrate Judge determined that Dunson poses a serious risk of danger to the community and a serious risk of nonappearance. The evidence and arguments presented in Dunson's Motion, and the suggestions of less restrictive pretrial alternatives, are not persuasive. Dunson's alleged possession of a dangerous weapon despite his felony conviction, his alleged possession of narcotics, and his past criminal history

strongly suggest that he lacks the willingness or ability to comply with conditions and restrictions imposed by the legal system. Dunson poses a danger to the community and a substantial risk of nonappearance. This factor weighs against pretrial release.

Finally, there are no conditions or combination of conditions that the Court could fashion that would reasonably protect the community against the risk of danger posed by Dunson, or assure his appearance at future court proceedings. For the foregoing reasons, the Magistrate Judge's May 7, 2013 Order (#23) is affirmed in regards to the Magistrate Judge's decision regarding Dunson's pretrial release under the Bail Reform Act.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Owens Dunson's Motion for Review and Appeal of Detention Order (Doc. #28) is hereby DENIED. The Magistrate Judge's decision reflected in the March 7, 2013 Order (Doc. #23) is hereby AFFIRMED.

DATED this 8th day of May, 2013.

_____
**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**